UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mark Cobb and The Estate of Malcolm Saunders, on behalf of themselves and others similarly situated,<br>     Plaintiffs,<br>vs.<br><br>State of South Carolina, South Carolina Department of Corrections, Berkeley County, Berkeley County Detention Center a/k/a Hill-Finklea Detention Center, Lieber Correctional Institution, Kirkland Reception and Evaluation Center, and William R. Byars, Jr., as Director of the South Carolina Department of Corrections,<br>     Defendants. | Civil Action No.: 2:13-2370-RMG-WWD<br><br>**REPORT AND RECOMMENDATION** |

  This is a civil action filed by a former Berkeley County inmate, Mark Cobb, and the estate of a former Berkeley County inmate, Malcolm Saunders ("Plaintiffs"). Plaintiffs assert causes of action for: (1) deprivation of constitutional rights pursuant to 42 U.S.C. § 1983; (2) wrongful detainment, detention, or confinement pursuant to S.C. Code § 16-5-60, (3) false imprisonment, (4) malicious prosecution, (5) negligence, gross negligence, and recklessness, and (6) negligent and intentional infliction of emotional distress. Federal jurisdiction is invoked pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act, 28 U.S.C. § 1346(b), 2671-2680. The case was referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2), D.S.C.

1

## BACKGROUND

Plaintiffs allege that on September 1, 2011, they both were released with time served following a hearing before the Honorable R. Markley Dennis, Jr. Compl. ¶¶ 16-17, (ECF No. 1). Judge Dennis allegedly advised Plaintiffs "that the County had no right to transport Plaintiffs, as they had completed their sentences." *Id.* at ¶ 18. Plaintiffs claim that the statement made on the record by Judge Dennis indicated that Defendants were engaged in the ongoing, unlawful practice of transporting former inmates following their release by the court. *Id.* at ¶ 19. Plaintiffs allege that they were subsequently illegally transported and illegally detained beyond their release dates, with Plaintiff Saunders remaining in custody until September 8, 2011, and Plaintiff Cobb remaining in custody until September 15, 2011. *Id.* at ¶¶ 20-22. As a result of the illegal detention alleged, Plaintiffs claim that they suffered a host of injuries including but not limited to, "invasion of privacy, loss of freedom, deprivation of liberty, humiliation, physical pain and suffering, anxiety, and emotional trauma." *Id.* at ¶¶ 23, 25. Plaintiffs seek to represent a class of similarly situated individuals and seek actual and punitive damages in an amount to be determined at trial. *Id.* at ¶ 26. Plaintiffs filed a motion to certify a class (ECF No. 5) on August 30, 2013.

Defendants State of South Carolina, South Carolina Department of Corrections, Lieber Correctional Institution, Kirkland Reception and Evaluation Center, and William R. Byars, Jr., ("South Carolina Defendants") filed a motion to dismiss (ECF No. 18) on January 17, 2014. South Carolina Defendants maintain (1) that Plaintiffs' claims against them are barred by the Eleventh Amendment and (2) that the South Carolina Defendants are not "persons" subject to suit under 42 U.S.C. § 1983. Plaintiffs filed a

2

response in opposition (ECF No. 22) on February 14, 2014, and South Carolina Defendants replied on February 23, 2014 (ECF No. 24).

Defendants Berkeley County and Berkeley County Detention Center a/k/a Hill-Finklea Detention Center ("Berkeley Defendants") filed a motion to dismiss (ECF No. 19) on January 17, 2014. Berkeley Defendants assert (1) that Berkeley County Detention Center a/k/a Hill-Finklea Detention Center is not a person subject to suit under 42 U.S.C. § 1983, (2) that Berkeley County is not a proper defendant because it is not the custodian of the Berkeley County Detention Center, and (3) that because the Berkeley Defendants may not be sued under 42 U.S.C. § 1983, the Court should decline to exercise supplemental jurisdiction over the remaining state law causes of action. Plaintiffs filed a response in opposition (ECF No. 23) on February 14, 2014, and South Carolina Defendants replied on February 24, 2014 (ECF No. 24). Both the South Carolina Defendants and Berkeley Defendants declined to respond to Plaintiffs motion to certify a class.

## **STANDARD OF REVIEW[1]**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support his claim and would entitle it to relief. In considering

---

[1] The Fourth Circuit has been unclear on whether a dismissal on Eleventh Amendment immunity grounds is a dismissal for failure to state a claim under Rule 12(b)(6) or a dismissal for lack of subject matter jurisdiction under Rule 12(b)(1). *See Andrews v. Daw,* 201 F.3d 521, 525 n. 2 (4th Cir.2000); *compare Biggs v. Meadows,* 66 F.3d 56, 58–59 (4th Cir.1995) (addressing dismissal on Eleventh Amendment grounds as dismissal for failure to state claim), *with Abril v. Virginia,* 145 F.3d 182, 184 (4th Cir.1998) (addressing dismissal on Eleventh Amendment grounds as dismissal for lack of subject matter jurisdiction), and *Republic of Paraguay v. Allen,* 134 F.3d 622, 626 (4th Cir.1998). Defendants have made their motions pursuant to Rule 12(b)(6), but the undersigned recites both standards as Defendants have moved to dismiss some of the claims on the grounds of Eleventh Amendment immunity.

a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993) (citations omitted). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, however, do not suffice. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Moreover, "only a complaint that states a *plausible* claim for relief survives a motion to dismiss." *Id.* at 556 (emphasis added).

In ruling on a motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a court must apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir.1991) (*citing Trentacosta v. Frontier Pacific Aircraft Indus.,* 813 F.2d 1553, 1558 (9th Cir.1987)). "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

## DISCUSSION

### ELEVENTH AMENDMENT

Defendants State of South Carolina and South Carolina Department of Corrections are immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. *See, e.g., Federal Maritime Commission v. South Carolina State Ports Authority,* 535 U.S. 743, 122 S.Ct. 1864, 152 L.Ed.2d 962 (2002); *Board of Trustees of University of Alabama v. Garrett,* 531 U.S.

4

356, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001); *Kimel v. Florida Board of Regents,* 528 U.S. 62, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000); *Alden v. Maine,* 527 U.S. 706, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999); *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); *Belcher v. South Carolina Board of Corrections,* 460 F. Supp. 805, 808–809 (D.S.C. 1978); and *Simmons v. South Carolina State Highway Dept.,* 195 F. Supp. 516, 517 (E.D.S.C. 1961). Although state officials "literally are persons," "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office," which is "no different from a suit against the State itself." *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

With regard to Defendant Byars, Plaintiffs' captions read, "William R. Byars, Jr. *as Director of the South Carolina Department of Corrections*" (emphasis added), and the Defendants argue in their motion to dismiss that "it is clear from the Complaint that Defendant Byars is sued in his official capacity 'as Director of the South Carolina Department of Corrections.'" (ECF No. 18, at 2.) Plaintiffs offered no counter-argument in their response, and instead "concede that these Defendants are provided Eleventh Amendment Immunity regarding the deprivation of Constitutional Rights pursuant to 42 U.S.C. § 1983." (ECF No. 22, at 5.) Nevertheless, Plaintiffs maintain that "the remaining causes of action should stand as they are brought under the Federal Tort Claims Act, South Carolina Tort Claims Act, and South Carolina Code of Law § 16-5-60, 1976, as amended – including claims regarding the wrongful detainment, detention, and

confinement, as well as the state causes of action of false imprisonment, malicious prosecution, negligence, gross negligence, [and] recklessness." *Id.* at 5-6. None of the state statutes cited by Plaintiffs waive South Carolina's Eleventh Amendment immunity. Plaintiffs' invocation of the Federal Tort Claims Act is puzzling because the United States, which is the only party that can be sued under that act, is not a party to this action. *Hilton v. S.C. Dep't of Prob.*, CA 8:12-2625-JFA-JDA, 2013 WL 4736708 (D.S.C. Sept. 3, 2013) ("The Federal Tort Claims Act ("FTCA") provides that the United States is the only proper defendant in a suit brought under that act."); *see also Sargeant v. Haynes*, CA 0:12-3555-TMC-PJG, 2013 WL 1729482 (D.S.C. Mar. 18, 2013) *report and recommendation adopted,* CA 0:12-3555-TMC, 2013 WL 1729424 (D.S.C. Apr. 22, 2013) (same). For these reasons, the Plaintiffs are barred by the Eleventh Amendment from pursuing their claims against Defendants State of South Carolina, South Carolina Department of Corrections, and William R. Byars, Jr. as Director of the South Carolina Department of Corrections in this Court.

## ONLY "PERSONS" MAY BE SUED UNDER 42 U.S.C. § 1983

In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* "some person has deprived him of a federal right", and *(2)* "the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980). *See also* 42 U.S.C. § 1983; *Monroe v. Pape,* 365 U.S. 167, 171, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Defendants Berkeley County Detention Center a/k/a Hill-Finklea Detention Center,[2] Lieber

---

[2] Defendant Berkeley County would qualify as a "person" under 42 U.S.C. § 1983. *See Tinsley v. Wight*, CIV.A. 7:09-2455-SB, 2011 WL 1287910 (D.S.C. Mar. 31, 2011) *on reconsideration in part,* CIV.A. 7:09-2455-SB, 2012 WL 5305980 (D.S.C. Mar. 28, 2012) *aff'd,* 478 F. App'x 15 (4th Cir. 2012) and *aff'd,* 478 F. App'x 15 (4th Cir. 2012) ("[A] municipality may be liable under section 1983 when a policymaker

Correctional Institution, and Kirkland Reception and Evaluation Center consist of buildings, facilities, and grounds. Inanimate objects-such as buildings, facilities, and grounds-do not act under color of state law. Hence, these Defendants are not "person[s]" subject to suit under 42 U.S.C. § 1983. *See Allison v. California Adult Authority,* 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983). *See also Staley v. South Carolina Department of Corrections, et. al.,* 2003 WL 23541770 (D.S.C. Dec.04, 2003) (Civil Action No. 9:03-3436-23BG), *affirmed Staley v. South Carolina Department of Corrections,* 96 Fed. Appx. 928 (4th Cir. May 21, 2004) (Not selected for publication in the Federal Reporter, No. 04-6022)). As a result, these Defendants are entitled to dismissal. In addition, the State of South Carolina, the South Carolina Department of Corrections, and William R. Byars acting in his official capacity as Director of the South Carolina Department of Corrections do not qualify as "persons" under 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989) ("We hold that neither a State nor its officials acting in their official capacities are "persons" under § 1983").

### BERKELEY COUNTY IS NOT LIABLE FOR THE OPERATION OF THE DETENTION CENTER

Defendant Berkeley County argues that the claims against it should be dismissed because, under South Carolina law, the Sheriff is the custodian of the detention center and is responsible for its operation. *See* S.C. Code Ann. § 24-5-10 ("The sheriff shall have custody of the jail in his county and, if he appoint a jailer to keep it, the sheriff shall be liable for such jailer and the sheriff or jailer shall receive and safely keep in prison

---

officially promulgates or sanctions unconstitutional law, or whether the municipality is deliberately indifferent to the development of an unconstitutional custom.").

any person delivered or committed to either of them, according to law."); *see also Roton v. Sparks,* 270 S.C. 637, 244 S.E.2d 214, 216 (S.C. 1978) (holding that county detention centers are "jails" within the meaning of S.C. Code Ann. § 24–5–10). Accordingly, the Berkeley County Detention Center "is under the control of the Sheriff of that county and is not under the control of the County or the County Council." *Bell v. Dobey*, C.A. 6:07-3652 DCN, 2009 WL 1010482 (D.S.C. Apr. 14, 2009). As this Court has previously noted, "the sheriff and the county are distinct and separate entities in South Carolina and the sheriff's actions or failures to act do not give rise to a section 1983 action against the county." *Patel v. McIntyre,* 667 F. Supp. 1131, 1146 n. 26 (D.S.C. 1987) (citing *Allen v. Fidelity & Deposit Co. of Maryland,* 515 F. Supp. 1185, 1189–90 (D.S.C. 1981)). In addition, the Fourth Circuit has held that where Virginia law charged the sheriff with the operation of the jail, the county and county council could not be held liable for incidents occurring therein. *See Grayson v. Peed*, 195 F.3d 692, 697 (4th Cir. 1999) ("As the county has no control over policy within the jail, it bears no concomitant responsibility."); *accord Payne v. CCOH*, CIV.A. 6:12-1929-DCN, 2012 WL 6801387 (D.S.C. Nov. 28, 2012) *report and recommendation adopted,* 6:12-CV-1929 DCN, 2013 WL 81055 (D.S.C. Jan. 7, 2013); *Denney v. Berkeley Cnty.*, CIV.A. 3:10-1383, 2012 WL 3877713 (D.S.C. July 17, 2012) *report and recommendation adopted,* CIV.A. 3:10-1383, 2012 WL 3877732 (D.S.C. Sept. 5, 2012) *appeal dismissed,* 545 F. App'x 211 (4th Cir. 2013). Plaintiffs have directed the undersigned to no contrary authority and offered no rejoinder to Berkeley County's argument. Thus the undersigned recommends that the Court dismiss the claims against Berkeley County.

**MOTION TO AMEND**

In the final sentences of their responses in opposition to Defendants' motions to dismiss, Plaintiffs seek leave to amend their complaint should the Court find that they have "fail[ed] to plead any essential element of the causes of action." (ECF Nos. 22 and 23.) "[L]eave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (quoting *Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 509 (4th Cir.1986)) (emphasis in original). Plaintiffs have not proposed any amendment that would remedy the deficiencies in their complaint, and thus the undersigned recommends that the request to amend be denied as futile. *See Hughes v. State Farm Mut. Auto. Ins. Co.*, 3:13-CV-438-RJC-DSC, 2014 WL 200276 (W.D.N.C. Jan. 16, 2014) *report and recommendation adopted,* 3:13-CV-438-RJC-DSC, 2014 WL 1654061 (W.D.N.C. Apr. 25, 2014) (Denying a motion to amend as futile because "[p]laintiff does not state what facts he intends to plead or how those facts would salvage his Complaint.").

**CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is RECOMMENDED that Defendants' motions to dismiss (ECF Nos. 18 and 19) should be GRANTED as to all Plaintiffs' federal claims and that those claims should be dismissed *without prejudice.* It is further RECOMMENDED that all state-law claims be dismissed pursuant to 28 U.S.C. § 1367(c)(3), and that Plaintiffs' Motion to Certify Class (ECF No. 5) be DISMISSED as moot.

IT IS SO RECOMMENDED.

WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

July 9, 2014
Charleston, South Carolina

**The parties' attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).