IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Mark Cobb and the Estate of Malcolm Saunders, on behalf of themselves and others similarly situated, | Civil Action No. 2:13-cv-02370-RMG |
| Plaintiffs, | **ORDER** |
| v. | |
| State of South Carolina, South Carolina Department of Corrections, Berkeley County, Berkeley County Detention Center a/k/a Hill-Finklea Detention Center, Kirkland Reception and Evaluation Center, Lieber Correctional Institution, and William R. Byars, Jr., as Director of the South Carolina Department of Corrections, | |
| Defendants. | |

This matter is before the Court on Defendants' Motions to Dismiss. (Dkt. Nos. 18 and 19). As explained herein, the Court adopts the Magistrate's Report and Recommendation and GRANTS Defendants' motion. Plaintiff's federal claims are therefore dismissed, and pendant state motions are dismissed without prejudice.

### I. Background

This case is a civil action filed by a former inmate and the estate of a former inmate of the Berkeley County Detention Center. Plaintiffs filed suit on August 30, 2013, alleging causes of action for deprivation of constitutional rights under 42 U.S.C. § 1983, wrongful detainment, detention, or confinement under S.C. Code § 16-5-60, false imprisonment, malicious prosecution, negligence, gross negligence, and recklessness, and negligent and intentional

infliction of emotional distress. (Dkt. No. 1.) Federal jurisdiction was invoked pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act, 28 U.S.C. § 1346(b), 2671-2680. (Dkt. No. 1 ¶ 10.) Plaintiffs named seven defendants, five of which are entities or property of the state (the State of South Carolina, the S.C. Department of Corrections, and William R. Byars, Jr., as Director of the South Carolina Department of Corrections, the Kirkland Reception and Evaluation Center, and the Lieber Correctional Institution) and two of which are entities of the county (Berkeley County and Berkeley County Detention Center). The state defendants filed a Motion to Dismiss for failure to state a claim, arguing that the Eleventh Amendment provides sovereign immunity from a citizen suit for the South Carolina state entities and that physical structures are not "persons" subject to 42 U.S.C. § 1983. (Dkt. No. 18). The county defendants filed a Motion to Dismiss for failure to state a claim, also arguing that the detention center is not a person subject to Section 1983, and that the Berkeley County Detention Center is not actually under the control of Berkeley County, which should therefore be dismissed from the case.

Magistrate Judge Dixon filed a Report and Recommendation ("R&R") on July 9, 2014, recommending that the federal claims be dismissed without prejudice, that the pendant state law claims also be dismissed without prejudice, and that the Plaintiff's Motion to Certify Class (Dkt. No. 5) be dismissed as moot. On July 28, 2014, the state defendants entered an objection to the R&R, requesting that the dismissal of the federal claims be with prejudice. Plaintiffs filed no objections to the R&R. For the reasons to follow, the Court adopts the R&R in whole.

## II. Discussion

### A. Standard of Review

Plaintiffs have named the wrong defendants in alleging their Section 1983 claims that they were unlawfully and unconstitutionally detained after completing jail sentences. As the

R&R explains, a motion to dismiss for failure to state a claim should not be granted unless the plaintiff can prove no set of facts that would entitle him to relief. The Court must accept as true all well-pleaded allegations and view the facts in a light most favorable to the plaintiff. *E.g.*, *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). But only a complaint that "states a plausible claim for relief survives a motion to dismiss." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

### B. Section 1983 constitutional claims against state defendants

There is no question that states and their components or parts are generally protected from Section 1983 liability by Eleventh Amendment sovereign immunity. *See, e.g.*, *Federal Maritime Commission v. South Carolina State Ports Authority*, 535 U.S. 743 (2002). Although there are exceptions to this rule (for example, under the *Ex parte Young* rule allowing private suits against state officials where there is an ongoing violation of federal law), none are alleged to be relevant here. The R&R provides additional analysis on this point, and Plaintiffs even concede it in their Response (Dkt. No. 22 at 5). A person sued in their official capacity, as here Defendant Byars, is "no different" from the state itself, for purposes of Section 1983 analysis. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). As the R&R holds, Plaintiffs'

argument that their invocation of the Federal Tort Claims Act, South Carolina Tort Claims Act, and South Carolina Code of Law § 16-5-60 as amended cures this defect is unavailing, since none of these laws waives sovereign immunity. R&R at 5-6.

### C. Section 1983 constitutional claims against Berkeley County

Defendant Berkeley County argues that the claims against it should be dismissed because the county detention center is delegated by state law to the authority of the Sheriff, who is an appointee of the state, rather than the county government. *See* S.C. Code Ann. § 24-5-10 ("The sheriff shall have custody of the jail in his county and . . . be liable for" its jailors). Even if the Sheriff had been appropriately named as a defendant, that office would also be protected under Eleventh Amendment sovereign immunity as discussed above. The R&R's analysis at 7-8 properly reviews applicable Fourth Circuit and South Carolina law confirming that since the county has no control over the operations or policy of the jail, it cannot be held liable for events that take place there. Plaintiffs did argue in the response to the motion to dismiss filed by the county that "Courts consider officials and local government agencies to be personally involved if they: (1) Directly participated in the wrong; or (2) Knew about the wrong but did not try to stop or fix it; or (3) Failed to oversee the people who caused the wrong, such as by hiring unqualified people or failing to adequately train the staff; or (4) Created a policy or custom that allowed the wrong to occur." (Dkt. No. 23 at 6, citing *Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 411 (1997).) But having stated the standard for an exemption, Plaintiffs' filings failed to apply it factually to any of the defendants.

### D. Section 1983 constitutional claims against physical entities

The complaint as filed also names two defendants, "Berkeley County Detention Center a/k/a Hill-Finklea Detention Center," and "Kirkland Reception and Evaluation Center," which

4

Defendants and the Magistrate Judge both note are themselves only physical entities: grounds, buildings, and facilities. To bring a lawsuit challenging their treatment at these centers, Plaintiffs would need to actually name the *persons*, as individuals, who allegedly violated their Constitutional rights during their time at the detention center and evaluation center. *See, e.g.*, 42 U.S.C. § 1983.

### E. Remaining pendant state claims

Having adopted the Magistrate's recommendations with respect to Plaintiff's federal claims, the only claims remaining are the pendant state law claims. A federal court has discretion to decide pendant state law claims if federal and state claims arise out of a common nucleus of operative facts; however, if the federal claims are dismissed before trial, the state claims are normally dismissed as well. *E.g., United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Webb v. McCullough*, 828 F.2d 1151, 1150 (6th Cir. 1987). Therefore, the claims arising under state law are hereby dismissed without prejudice.

### F. Plaintiffs' request to amend the complaint

Plaintiff's responses to the motions to dismiss include the request that "if the Court determines the Plaintiffs' Complaint fails to plead any essential element of the causes of action, Plaintiffs request leave to amend the pleadings." As the R&R states, leave to amend a pleading should normally only be denied when amendment would prejudice the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile. R&R at 9. At this stage in the litigation, Plaintiffs have been on ample notice for some time of the deficiencies of their complaint, and have proposed no amendment that would solve them. Therefore, the Court agrees that granting leave to amend at this time would be futile.

### G. Defendants' objections to the R&R

5

The state defendants filed an objection with the Court asserting that "a dismissal pursuant to Rule 12(b)(6) is presumed to be a judgment on the merits" and that the claims should therefore be dismissed with prejudice. (Dkt. No. 30 at 2.) Defendants have confused the meaning of the Fourth Circuit case upon which they rely for this point, *McLean v. United States*, 566 F.3d 391 (4th Cir. 2009). That decision explains that "Courts have held that, *unless otherwise specified*, a dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with prejudice." *Id.* at 396 (emphasis added). In a case like the one at hand, where Plaintiffs failed to even name a single defendant subject to the laws providing their cause of actions, the Court does not pretend to have reached the merits or even the facts of the case as alleged. Therefore, the claims are dismissed without prejudice.

### III. Conclusion

A review of the record indicates that the Magistrate Judge's report accurately states the case and the applicable law. For the reasons articulated by the Magistrate Judge, Defendants' Motions to Dismiss (Dkt. Nos. 18, 19) are **GRANTED** and it is hereby ordered that the complaint be dismissed in its entirety without prejudice.

**IT IS SO ORDERED**.

_____
Richard M. Gergel
United States District Judge

August ___, 2014
Charleston, South Carolina